NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DESHAN WATSON, | No. 19-35171 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05968-BHS |
| v. | |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted July 14, 2020[**]

Before:    CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Washington state prisoner Deshan Watson appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs, violations of Title II of the Americans

with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

("RA"), and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on Watson's deliberate indifference claim because Watson failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to Watson's medical need for a gluten-free diet. *See Toguchi*, 391 F.3d. at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court properly granted summary judgment on Watson's ADA and RA claims for monetary relief because Watson failed to raise a genuine dispute of material fact as to whether defendants intentionally discriminated against him. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001) (in order to recover monetary damages under the ADA and the RA, a plaintiff must show intentional discrimination; the test for intentional discrimination is deliberate indifference). Although the district court did not directly address Watson's request for injunctive relief, denial of

19-35171

injunctive relief was proper because Watson had obtained the relief he sought: a gluten-free diet. *See Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 864-65 (9th Cir. 2017) (explaining the mootness doctrine).

The district court properly granted summary judgment on Watson's medical negligence claims because Watson failed to raise a genuine dispute of material fact as to whether defendants breached a duty of care owed to him. *See Seybold v. Neu*, 19 P.3d 1068, 1073-74 (Wash. Ct. App. 2001) (setting forth the standard of review and elements of a medical negligence claim under Washington law).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Watson's request to strike defendants' argument that he did not establish medical malpractice as set forth in his opening brief is denied.

**AFFIRMED.**